OPINION OF THE COURT
Orin R. Kitzes, J.
This is a motion by defendants pursuant to CPLR 3211 to dismiss the complaint upon the grounds that: (1) the Civil Court does not have jurisdiction over an action to recover damages for a rental overcharge pursuant to the Rent Stabilization Code (9 NYCRR 2520.1 et seq.); (2) defendants have duly complied with the filing of their annual rent registration, and; (3) plaintiff’s claims are barred by the Statute of Limitations.
*481 As alleged in the complaint, which is annexed to the moving papers, plaintiff is seeking to recover damages as a result of the defendants collecting rent, in excess of the legally regulated rent, as filed with the Division of Housing and Community Renewal (DHCR).
Unless a tenant has filed an overcharge complaint with the DHCR, he is permitted to bring an action or interpose a counterclaim in a court of competent jurisdiction to recover damages for a rent overcharge (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213-a.01).
The Civil Court, being a court of record and of competent jurisdiction, has concurrent jurisdiction with the DHCR to determine the issues herein presented. It is regularly within the province of the court to determine whether violations of regulations have occurred. The doctrine of primary jurisdiction does not preclude a plaintiff from seeking relief from the courts prior to instituting an overcharge complaint with the DHCR (see, State of New York v Winter, 121 AD2d 287, and the cases cited therein).
CPLR 213-a provides that "An action on a residential rent overcharge shall be commenced within four years of such overcharge.” Rent Stabilization Code § 2526.1 provides that a complaint for an overcharge must be filed within four years of the first overcharge alleged and a penalty of three times the overcharge may not be based upon an overcharge having occurred more than two years before the complaint is filed or upon an overcharge which occurred prior to April 1, 1984.
Plaintiffs action was commenced within the proscribed period of limitation and the claim for rental overcharge is not time barred.
The issues of whether defendants timely filed or, in fact, ever filed the annual rent registration with the DHCR cannot be decided upon the submitted papers pursuant to a motion made under CPLR 3211 and should await a trial.
The contention that the DHCR is a necessary party to this proceeding is without merit.
The parties can be afforded relief in the courts and the DHCR need not be a party to the action. If testimony or documents are required at trial, such information can be made available by subpoena.
Accordingly, the motion to dismiss is denied.